NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50310 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-03066-JLS-1 |
| v. | |
| SHAWN JAMES SOLEIMANI, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted April 3, 2020[**]
Pasadena, California

Before: WARDLAW, MURGUIA, and MILLER, Circuit Judges.

Shawn James Soleimani appeals the district court's order committing him to

the Attorney General's custody for competency restoration under 18 U.S.C. §

4241(d). Soleimani argues that the commitment order violates his constitutional

right to equal protection because other defendants on pre-trial release who

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

are not in competency proceedings but who require mental health services are allowed to obtain those services on an outpatient basis. We have jurisdiction under the collateral order doctrine, *United States v. Friedman*, 366 F.3d 975, 980 (9th Cir. 2004), and we affirm.

"The construction or interpretation of a statute is a question of law that we review de novo." *United States v. Cabaccang*, 332 F.3d 622, 624–25 (9th Cir. 2003) (en banc) (citing *United States v. Carranza,* 289 F.3d 634, 642 (9th Cir. 2002)). We also review de novo the constitutionality of a statute. *United States v. Vongxay*, 594 F.3d 1111, 1114 (9th Cir. 2010).

To succeed on his equal protection claim, Soleimani must first show that the government treats him differently from similarly situated persons. *Pimentel v. Dreyfus*, 670 F.3d 1096, 1106 (9th Cir. 2012) (per curiam); *United States v. Lopez-Flores*, 63 F.3d 1468, 1472 (9th Cir. 1995). If this showing is made, we must then evaluate "under the appropriate level of scrutiny whether the distinction made between the groups is justified." *Lopez-Flores*, 63 F.3d at 1472 (citing *Plyler v. Doe,* 457 U.S. 202, 217–18 (1982)).

A defendant who is incompetent to stand trial is not similarly situated to a competent defendant with mental health issues on pre-trial release. A finding of incompetency amounts to a legal determination that the defendant "is unable to understand the nature and consequences of the proceedings against him or to assist

2

properly in his defense," 18 U.S.C. § 4241(d), such that if trial were to proceed, it would constitute a violation of due process, *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996). Therefore, an incompetent defendant such as Soleimani is not similarly situated to defendants on pre-trial release whose mental health issues do not affect competency to stand trial. Because Soleimani has not identified two similarly situated groups of people, his equal protection claim fails. *Pimentel*, 670 F.3d at 1106 (noting that a finding that plaintiff was treated differently than similarly situated individuals is a threshold showing in the equal protection analysis).

**AFFIRMED**.